15-3249-cv
Gevorkyan v. Judelson

# In the
# United States Court of Appeals
## For the Second Circuit

————

August Term, 2016

No. 15-3249-cv

KARINE GEVORKYAN, ARTHUR BOGORAZ,
INNA MOLDAVER, AND SAM MOLDAVER,
*Plaintiffs-Appellants*,

*v.*

IRA JUDELSON,
*Defendant-Appellee.*

————

Appeal from the United States District Court
for the Southern District of New York.
No. 13-cv-08383 (RMB) — Richard M. Berman, *Judge*.

————

Argued: September 14, 2016
Question Certified: November 14, 2016
Certified Question Answered: June 27, 2017
Decided: July 28, 2017

————

Before: JACOBS, PARKER, and LIVINGSTON, *Circuit Judges*.

————

We certified to the New York Court of Appeals the question of whether New York law permits a bail bondsman to retain a premium where the bail was rejected pursuant to NYCPL § 520.30 and the defendant was never admitted to bail.  The Court of Appeals answered in the negative, ruling that New York Insurance Law "prohibits a bail bond surety from retaining a premium when the criminal defendant is not released on bail."  That conclusion being determinative of this appeal, we REVERSE the judgment of the district court and REMAND the case with instructions to enter judgment in favor of appellants.

————

ANDREW LAVOOTT BLUESTONE, New York, NY, *for Plaintiffs-Appellants Karine Gevorkyan, Arthur Bogoraz, Inna Moldaver, Sam Moldaver*.

KYLE B. WATTERS, Kyle B. Watters, PC, Bayside, NY, *for Defendant-Appellee Ira Judelson.*[*]

————

[*]Attorney Jonathan Svetkey authored Defendant-Appellee's brief on appeal and argued before us.  Attorney Svetkey withdrew as Defendant-Appellee's counsel on July 12, 2017, and Attorney Watters filed a notice of appearance the same day.

PER CURIAM:

On November 14, 2016, we certified the following question to the New York Court of Appeals.

> Whether an entity engaged in the "bail business," as defined in [New York Insurance Law ("NYIL")] § 6801(a)(1), may retain its "premium or compensation," as described in NYIL § 6804(a), where a bond posted pursuant to NYCPL § 520.20 is denied at a bail-sufficiency hearing conducted pursuant to NYCPL § 520.30, and the criminal defendant that is the subject of the bond is never admitted to bail.

*Gevorkyan v. Judelson*, 841 F.3d 584, 589 (2d Cir. 2016).[1] In certifying this question, we noted that "the resolution of this question will determine the outcome of this appeal," because if "New York law does not permit a bail bond agent to retain its premium following the rejection of a bail package at a sufficiency hearing, the district court would be reversed." *Id.*

The New York Court of Appeals has now answered our certified question. *See Gevorkyan v. Judelson*, – N.E. 3d –, 2017 WL 2742192 (June 27, 2017). The Court concluded that New York Insurance Law "prohibits a bail bond surety from retaining a premium when the criminal defendant is not released on bail," and that a bail bond surety's retention of a premium under such circumstances contravenes the "insurance law principle that premium follows risk." *Id.*, slip op. at 10.

The Court of Appeals' ruling requires that we reverse the judgment of the district court. As we previously noted, the district

---

[1] We assume familiarity with our certification opinion.

court rested its conclusion that Judelson could retain his premium exclusively on principles of contract interpretation. It did so because it found that existing New York precedent was "not dispositive" of the present issue. App'x at 37. The Court of Appeals has now made clear the principle of New York law that decides this issue: because Bogoraz was never admitted to bail, New York Insurance Law precludes Judelson from retaining the premium. This prohibition applies regardless of the terms of the parties' contract because, under New York law, contractual provisions that contravene applicable laws in ways that harm the public policies underlying those laws are unenforceable. *See Village Taxi Corp. v. Beltre*, 91 A.D.3d 92, 99–100 (2d Dep't 2011) (citing, *inter alia*, *Galbreath-Ruffin Corp. v. 40th & 3rd Corp.*, 19 N.Y.2d 354, 364 (1967)). The Court of Appeals has now clearly opined that a bail bondsman's retention of a premium after the denial of bail violates New York law and runs afoul of an important public policy underlying New York Insurance Law. Accordingly, we REVERSE the judgment of the district court and REMAND the case with instructions to enter judgment in favor of appellants.